### C. Cretors & Co. *vs.* Jacob Licht.

APRIL 27, 1928.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

Sweetland, C. J. This is an action of trover to recover the value of a peanut roaster and pop corn machine alleged to have been converted by the defendant.

The case was tried before Mr. Justice Rueckert, acting as an associate justice of the Superior Court, and a jury. It appeared that the plaintiff had given possession of the machine in question to one Alianello upon a conditional sale agreement by the terms of which the plaintiff had retained title in himself until the payment of the agreed purchase price; that a considerable portion of the price remained unpaid and that the defendant had unwarrantably taken and retained possession of the machine. At the trial the defendant introduced no evidence. The justice ruled that the plaintiff had established his ownership of the machine and its conversion by the defendant but had failed to present

evidence as to the value of the machine at the time of the conversion. The justice then, upon the authority of *Pugh Brothers* v. *Marano*, 44 R. I., 1, directed the jury to return a verdict in favor of the plaintiff for nominal damages merely.

The case is before us upon the plaintiff's exception to the ruling of the justice at the trial excluding the opinion evidence of the witness Baggot as to the value of the machine. This ruling of the justice was based upon the ground that the plaintiff had failed to establish the qualification of the witness to give such evidence. The practice has been established by a line of decisions of this court that the determination of the qualification of a witness to give expert evidence "is very much in the discretion of the judge presiding at the trial." *Howard* v. *City of Providence*, 6 R. I. 514. In *Ennis* v. *Little*, 25 R. I. 342, the court held that "unless the ruling of the court is palpably and grossly wrong it will not be reversed by the reviewing tribunal." In *Municipal Court* v. *Kirby*, 28 R. I. 287, the court said "exception to the decision of the court upon that question will not be sustained unless it is clearly shown to be founded on some error in matter of law or grossly wrong upon the evidence."

The evidence discloses that the witness Baggot was an auctioneer who saw the machine in question but did not examine it and who testified that it appeared to him to be in good condition. His qualification to give evidence as to value is urged by the plaintiff solely upon the witness's testimony that upon more than one occasion he had as auctioneer sold a stock of goods and store fixtures for a gross sum and said goods had included a machine of the kind in question here. We find that the justice did not abuse his discretion in ruling that the witness was not qualified to give evidence of market value.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict directed.

*Edward C. Stiness, Francis J. O'Brien*, for plaintiff.
*Robinson & Robinson*, for defendant.